# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARILYN CATALDI, | ) |
| Plaintiff, | ) Case No. 2:10-cv-02208-PMP-GWF |
| vs. | ) **ORDER** |
| LOUIS H. SIRACUSANO, | ) Motion to Compel Production of |
| Defendant. | ) Financial Records (#26) |

This matter comes before the Court on Plaintiff's Motion to Compel Production of Financial Records (#26), filed on February 13, 2012; Defendant's Opposition to Plaintiff's Motion to Compel (#27), filed on February 23, 2012; and Plaintiff's Reply in Support of Motion to Compel Production of Defendant's Financial Records (#28), filed on March 5, 2012.

## BACKGROUND

Plaintiff claims that on July 31, 2009, while she was working at the Wynn Las Vegas, Defendant approached her from behind and without notice, and began to grab, fondle, grope and kiss her without her consent. On August 24, 2010, Plaintiff filed a complaint in state court alleging assault, battery, intentional infliction of emotional distress and a violation of NRS §41.690, claiming the attack was racially motivated. The case was removed to this court based on diversity on December 20, 2010.

Plaintiff served several requests for production, requesting among other things that Defendant produce various financial documents including but not limited to "income and expense reports, documents listing assets, back account statements, cancelled checks, check registers and statements for other financial accounts owned and controlled by Defendant for the period of March 1, 2008 to present." *Plaintiff's Motion (#26)*, at 2. Defendant objected to Plaintiff's requests, claiming that the requests are overboard, burdensome and not relevant because Plaintiff has failed to plead facts to

support a claim for punitive damages. Plaintiff now seeks to compel Defendant to produce the financial documents, claiming that the requested documents are necessary to prove her punitive damages claim. Defendant however argues that the time period requested and the type of documents requested are excessive. Instead, Defendant contends that he should only be required to produce his current balance sheet or net worth statement and copies of his federal income tax returns for the calendar years 2009 and 2010.

## **DISCUSSION**

"'A defendant's financial condition is relevant to the pursuit of punitive damages.'" *United States v. Autumn Ridge Condominium Assoc.*, 265 F.R.D. 323, 327 (N.D.Ind. 2009), quoting *Platcher v. Health Professionals*, Ltd., 2007 WL 2772855, at *2 (C.D.Ill. 2007). Most courts do not require the plaintiff to make a prima facie showing of merit on its punitive damage claim before permitting discovery of a defendant's net worth. *Autumn Ridge*, 265 F.R.D. at 328. "The countervailing approach, and the one chosen by the Supreme Court of Nevada, is that a plaintiff must first allege specific facts sufficient to support a claim for punitive damages." *Momot v. Mastro*, 2011 WL 18333349, *3 (D. Nev. 2001) (citing *Hetter v. Eighth Judicial Dist. Court of State In and For County of Clark*, 110 Nev. 513, 519, 874 P.2d 762, 766 (Nev.1994) (Nevada law allows for the discovery of income tax returns when related to the issue of punitive damages, so long as the requesting party has demonstrated some factual basis for the punitive damages claim). Under either approach, Plaintiff has demonstrated a basis for her punitive damages claim. Plaintiff is alleging claims for assault, battery, intentional infliction of emotional distress and a violation of NRS §41.690, claims which allow for recovery of punitive damages.

Although only the defendant's current financial condition is relevant to the issue of punitive damages, the courts permit some retrospective discovery regarding the defendants' financial affairs. In regard to the time period for which discovery may be sought and the nature of the information and documents that should be produced, *Autumn Ridge* states:

> Other district courts addressing this issue have concluded that financial records over approximately the past two years is sufficient to establish a defendant's current net worth. *See E.E. O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E .D.Cal. 2009) (permitting disclosure of financial statements from 2007 and 2008, and any information

available through 2009); *S. California Hous. Rights Ctr.*, 2006 WL 4122148, at *2 (limiting discovery of financial documents to time period of 2004 through mid-2006); *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D.Fla. 2005) (limiting discovery of financial documents to period of 2003 through mid-2005).

In *Southern California Housing Rights Center v. Krug*, 2006 WL 4122148 (C.D.Cal. 2006), the court also limited discovery of defendants' financial information to a two year period and held that plaintiff was entitled to obtain the following types or categories of documents: Documents which identify and provide information about the value of all property and other assets owned, in whole or in part by the defendants, profit and loss statements, balance sheets that relate to assets, inventories, liabilities, gross and net income and amount of any undistributed business profits. The court reserved the option to order production of tax returns if the other financial information provided by the defendants was not adequate to show their net worth. *Id*. at *3.

Here, Plaintiff's request for production are excessive in regard to the type of documents requested and the time period requested. An accurate snapshot of Defendant's financial condition can be obtained without requiring Defendant to produce all the requested documents. The Court will therefore permit disclosure of Defendant's financial records from 2010 and 2011, and any financial information available through 2012. The Court believes that production of the type of documents identified by Defendant should provide Plaintiff with an accurate picture of Defendant's financial condition. The Court therefore orders Defendant to produce a current balance sheet or net worth statement and copies of his federal income tax returns for the calendar years of 2010 and 2011, when available. All financial information disclosed is subject to the Protective Order (#19) entered on July 1, 2011. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Financial Records (#26) is **granted** to the extent that Defendant shall be required to produce a current balance

. . .

. . .

. . .

. . .

. . .

sheet or net worth statement and copies of his federal income tax returns for the calendar years of 2010 and 2011, when available.

DATED this 14th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge